FIRST NATIONAL BANK OF WEST POINT *v.* ABRAHAM BLOCH
ET AL.

1. CONSTITUTIONAL LAW. *Constitution* 1890, *sec.* 158. *Chancellors. Interchange. Code* 1892, § 458.

Code of 1892, § 458, authorizing chancellors to alternate and make temporary exchanges of their districts, is constitutional, although by constitution of 1890, sec. 158, the legislature is expressly authorized to provide by law for the interchange of circuit judges and there is no like constitutional provision respecting chancellors.

2. CHANCERY COURTS. *Adjourned terms. Code* 1892, § 913.

Where the chancellor, as authorized by code 1892, § 913, directed the clerk to adjourn the regular term of the court to a designated day, and he did so, a decree, in a suit pending on the first day of the regular term, rendered on the day to which the term was adjourned was not rendered at a special term of the court, but at an adjourned term.

FROM the chancery court of Attala county.

HON. STONE DEAVOURS, Chancellor.

The appellees, Abraham Bloch *et al.,* were complainants in the court below; they obtained a personal decree for a considerable sum of money against their debtor, one Colbert. This decree remained unsatisfied for some time, when complainants sued out a writ of garnishment against the appellant, the First National Bank of West Point, returnable on the first Monday of February, 1902, the first day of the regular February term of the chancery court. The term was limited by law to six days. The chancellor was not present on the day fixed by law for the beginning of the term, but had ordered the clerk of the court, in writing, to adjourn the court, on the first Monday in February, until the 13th day of the month. The clerk, in pursuance of the written order given by the chancellor,

entered an order on the minutes of the court on the first Monday in February adjourning the court until the 13th day of the month. On the 13th of the month the chancellor of the district did not appear, but the Honorable Stone Deavours, a chancellor of another district, did appear and opened court and proceeded with business, presiding by interchange with the chancellor of the district. The bank did not appear and did not answer the writ of garnishment which had been duly executed upon it and a decree for want of an answer was rendered against it for the full sum due complainants on their personal decree against Colbert upon which the garnishment was based. The bank, appellant, appealed therefrom to the supreme court.

*Roane & McClellan* and *R. C. Beckwith,* for appellant.

The jurisdiction of the court is fixed by the constitution, and cannot be altered by the legislature. When express provision is made for circuit judges interchanging and none for the chancellors, it must be apparent either that the chancellors have no jurisdiction to interchange or else that the provision allowing circuit judges to interchange was a piece of useless verbiage, and this is directly opposed to our general understanding of the object and effect of a written constitution.

*J. A. P. Campbell,* for appellees.

The term of the chancery court commencing first Monday of February, was, by written order of Chancellor Byrd, adjourned by the clerk in strict conformity to § 913 of the code, and all were bound to take notice and act accordingly, and Chancellor Deavours presided by interchange, as provided for by § 458 of the code.

Everything triable or which could be done during the week beginning on the first Monday of February was triable during the adjourned term, the same term continued according to law to the next week.

Argued orally by *J. A. P. Campbell,* for appellees.

CALHOON, J., delivered the opinion of the court.

We decline to hold unconstitutional § 458 of the code, authorizing chancellors to alternate in the public interest, merely because the constitution is silent as to that, but express that circuit judges "may interchange circuits in such manner as may be provided by law." Without this provision, we think the legislature would have the power to provide for the interchange, and so it may, as to chancellors.

Under the constitution of 1817 there was organized but one system, that of superior courts, where the judges held for districts, but sat in *banc* on appeals or writs of error, and this provided that the judges might interchange.

The constitution of 1832 gave circuit courts full jurisdiction both of law and equity matters, and provided for no district chancellors, but provided for interchange of circuit judges. The constitution of 1869 retained the clause in its place as to circuit judges, but omitted it as to chancellors, and so it crept into that of 1890. We think it was competent for the legislature to pass the act of interchange under either constitution, but it has been on the statute books too long, and too long acted on to be disturbed now. It was there, and had been acted on for years, when the constitution of 1890 was ordained.

The term of court where the proceedings complained of were had was in no sense a special term, but an adjourned term under code, 1892, § 913. The other assignments of error we regard as important only as evincing the ingenuity of learned counsel. We cannot announce bad law from our sympathy with a hard case.

*Affirmed.*